UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 13CR10262 - |
| v. | **VIOLATIONS:** |
| MICHAEL P. O'DONNELL,<br>Defendant. | 18 U.S.C. §1344 (Bank Fraud)<br><br>18 U.S.C. § 982(a)(2), 981(a)(1)(C) &<br>28 U.S.C. § 2461(c) (Criminal Forfeiture) |

## **INDICTMENT**

The Grand Jury charges that:

At all times relevant to this Indictment:

1. Defendant Michael P. O'Donnell (hereinafter "O'DONNELL") was an individual residing in Middleton, Massachusetts.

2. AMEX Home Mortgage Corporation (hereinafter "AMEX Home Mortgage") was a business organized under Massachusetts law which maintained an office at One Central Street, Suite 201, Middleton, Massachusetts.

3. Countrywide Bank, FSB (hereinafter "Countrywide Bank) was a federal savings bank with offices at 119 North Fairfax Street, Suite 500, Alexandria, VA, 22314 and Homecomings Financial Network, Inc. (hereinafter "Homecomings") was a corporation organized and existing under the laws of Delaware with offices at 9 Sylvan Way, Suite 100, Parsippany, New Jersey, 07054.

## THE SCHEME TO DEFRAUD

4.     Beginning in or about January 2004 and continuing through in or about December 2007, O'DONNELL engaged in a scheme to defraud and to obtain money and property of various mortgage lenders in connection with the origination of residential mortgage loans secured by property located in Massachusetts.

5.     At all times relevant to this indictment, O'DONNELL was a loan originator employed by AMEX Home Mortgage, a mortgage loan origination company nominally operated by O'DONNELL's wife. As a loan originator for AMEX Home Mortgage, O'DONNELL completed mortgage loan applications based upon information purportedly supplied by individuals seeking to obtain mortgage loans for the purchase or refinance of real estate, and submitted these applications to mortgage companies which in turn would fund the loans, if approved. O'DONNELL operated a bank account in the name of AMEX Home Mortgage at North Shore Bank.

6.     As a part of the scheme to defraud the mortgage lenders, O'DONNELL knowingly submitted loan applications to lenders containing material misrepresentations about the terms of the transactions for which financing was being sought, including but not limited to material misrepresentations about income, assets, and funds to be paid by the borrower at loan closings.

7.     As a part of the scheme to defraud the mortgage lenders, defendant O'DONNELL prepared, and caused to be prepared, false and fraudulent documents supporting the material misrepresentations on the loan applications about income, assets, and funds to be paid by the borrowers at loan closings, and he submitted these documents to the lenders. These bogus documents included tax returns and Form W-2 Wage and Tax Statements, letters purporting to be

from an accountant employed by the borrowers, bank account statements, and gift letters from purported relatives of the loan applicants confirming bogus gifts to the borrowers.

8. As a part of the scheme to defraud the mortgage lenders, O'DONNELL arranged to supply the funds required to be paid by the borrower at loan closings, creating the false appearance that borrowers had complied with the terms of their loan agreements. O'DONNELL routinely arranged for such funds to be repaid from proceeds of loans to the borrowers.

9. As a part of the scheme to defraud the mortgage lenders, defendant O'DONNELL received compensation, through AMEX Home Mortgage, based on fees and commissions for loans that were funded and closed.

10. The transactions for which O'DONNELL prepared and submitted materially false loan applications, and arranged sham payments purporting to come from the borrower at loan closings, included but were not limited to the following:

### 03/12/07 Loan to L.T. - 40 Harbor Street, Salem

a. On or about March 12, 2007, O'DONNELL arranged a $352,000 first mortgage loan from Homecomings to L.T., secured by property owned by L.T. and M.A. at 40 Harbor Street, Salem, Massachusetts. At the loan closing, the loan documents reflected that L.T. and M.A. paid $37,612.16 in funds due from the borrower. In truth and in fact, on or about March 12, 2007, O'DONNELL withdrew the sum of $37,392.16 from the account of AMEX Home Mortgage and paid the sum to the closing attorney. In truth and in fact, as defendant O'DONNELL well knew, L.T. and M.A. paid no funds at the loan closing.

b. In conjunction with this loan, in or about February and March, 2007, O'DONNELL submitted a loan application to Homecomings and knowingly (1) falsely inflated

the loan applicant's income and assets, (2) provided bogus bank account statements and bogus letters from the purported tax preparer and accountant of the loan applicant falsely advising that the accountant had prepared the applicant's tax returns, and (3) arranged a fraudulent verbal verification of the applicant's employment with the purported accountant.

<u>04/25/07 Loan to L.T. - 40 Harbor Street, Salem, MA</u>

c. On or about April 20, 2007, O'DONNELL arranged a $44,000.00 loan from Countrywide Bank to L.T. that was secured by a second mortgage on property owned by L.T. and M.A. at 40 Harbor Street, Salem, Massachusetts. This loan enabled O'DONNELL and AMEX Home Mortgage to be repaid the sum of $37,392.16, which had been supplied by O'DONNELL in conjunction with the above described mortgage loan made on March 12, 2007.

d. In conjunction with the April 20, 2007 loan, defendant O'DONNELL knowingly (1) submitted a loan application for the borrower that inflated the loan applicant's income and assets and (2) provided bogus bank account statements and bogus letters from the purported tax preparer and accountant of the loan applicant falsely advising that the accountant had prepared the applicant's tax returns.

e. On or about April 25, 2007, defendant O'DONNELL received a check in the amount of $37,392.00 from the proceeds of Countrywide Bank's $44,000.00 loan to L.T.

## COUNT ONE

### (Bank Fraud – 18 U.S.C. § 1344)

11.     The United States Attorney re-alleges and incorporates by reference paragraphs 1 through 10 of this Indictment and further charges that:

12.     On or about April 20, 2007, in the District of Massachusetts and elsewhere,

### MICHAEL P. O'DONNELL,

the defendant herein, together with others known and unknown to the Grand Jury, knowingly executed and attempted to execute a scheme and artifice to defraud Countrywide Bank, FSB, a federally-insured financial institution, and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of Countrywide Bank, FSB, by means of false and fraudulent pretenses, representations, and promises concerning material facts and matters in conjunction with a mortgage loan in the amount of $44,000 for property located at 40 Harbor Street, Salem, Massachusetts.

All in violation of Title 18, United States Code, Sections 1344 and 2.

## FRAUD FORFEITURE ALLEGATIONS

## (18 U.S.C. §§ 982(a)(2), 981(a)(1)( c) & 28 U.S.C. § 2461( c))

13.  The allegations of Count One of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2), Title 18, United States Code, Section 981(a)(1)( c) and Title 28, United States Code, Section 2461( c).

14.  Upon conviction of the offense alleged in Count One of this Indictment, the defendant,

## MICHAEL P. O'DONNELL

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)( c) and Title 28, United States Code, Section 2461( c), any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses, and/or shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2) any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the offenses.

15.  If any of the property described in paragraph 14 hereof as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(2), Title 18, United States Code, Section 981(a)(1)( c) and Title 28, United States Code, Section 2461( c), as a result of any act or omission of the defendant –

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred to, sold to, or deposited with a third party;

    c. has been placed beyond the jurisdiction of this Court;

    d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461( c) and Title 18, United States Code, Section 982(b)(1), both incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of all other property of the defendant up to the value of the property described in paragraph 14 above.

All pursuant to Title 18, United States Code, Section 982, Title 18, United States Code, Section 981 and Title 28, United States Code, Section 2461( c).

A TRUE BILL

_____
Foreperson of the Grand Jury

_____
Lori J. Holik
Assistant U.S. Attorney

DISTRICT OF MASSACHUSETTS    September    , 2013
Returned into the District Court by the Grand Jurors and filed.

_____
Deputy Clerk

9/11/13
12:35