United States District Court
District of Massachusetts

_____

Criminal Action No. 1:13-cr-10262-DPW

**United States,**

v.

**Michael P. O'Donnell**
_____

**Response to Government's Opposition to Motion Under 28 U.S.C. § 2255**
_____

Attached to the government's opposition to O'Donnell's habeas motion are affidavits from his two trial lawyers, Attorneys Jeffrey Denner and Joseph Keller. Attorney Denner acknowledges that he did not discuss the issue of attempt with O'Donnell until the Court raised it with the government during closing argument. [Denner Affidavit Par. 15]. Attorney Keller similarly acknowledges that neither he nor Attorney Denner discussed the issue of attempt with O'Donnell until the Court raised it following the government's closing argument. [Keller Affidavit Par. 10]. While both express confidence that disclosure of the possibility of a conviction for attempt under 18 U.S.C. §1344, the bank fraud statute, would not have made a difference in their trial strategy or on O'Donnell's decision

1

as to whether to testify, it is clear that he was not aware of the extent of the risk of a conviction at the time he entered into his stipulation or when the decision was made not to have him testify.

There were, in fact, two paths to conviction, a completed scheme and an attempt. *United States v. O'Donnell*, 840 F.3d 15, 18 (1st Cir. 2016). As the Supreme Court noted, "the gravamen of § 1344 is the 'scheme,' rather than 'the completed fraud[.]'" *Loughrin v. United States*, ___ U.S. ___, ___, 134 S. Ct. 2384, 2395 n.9 (2014), quoting *Neder v. United States*, 527 U.S. 1, 25 (1999). An attempt requires proof of fewer facts, which this Court understood when it raised the issue following the government's closing, but which O'Donnell would not have understood prior to that time. More critically, at the time that he entered the stipulation and the decision was made not to have him testify, he was not aware of the possibility of his conviction under the attempt theory. Although, again, his trial lawyers express confidence that this information would not have made a difference either in the outcome of the case or on the decision not to have him testify, the fact that they admittedly did not advise O'Donnell of information that would have been critical to both decisions undermines confidence in both decisions.

"The duty of defense counsel to consult is paramount when a client has to decide whether or not to waive a constitutional right[.]" *Lyons v. Jackson*, 299 F.3d 588, 598

(6th Cir. 2002). Because the decisions to enter the trial stipulation in which he admitted to a scheme to defraud and to waive the right to testify—both decisions of constitutional dimension—ultimately rested with O'Donnell, counsel needed to "ensure that the client's decision [was] as informed as possible." *Id*. "Failing even to consider, let alone notify the client of, a factor that could negate the entire benefit of the [decisions he was making was] not within the range of professional norms." *Id*. More important, as argued in his opening memorandum, counsel's admitted failure rendered O'Donnell's waivers of his rights involuntary. *Id*. at 598-599.

    Based on the authorities and reasons set forth above, as well as the authorities and reasons discussed in his opening memorandum, O'Donnell asks that this Court grant him a new trial or such other relief as he may be entitled.

                  Respectfully submitted,

                  **Michael P. O'Donnell**,
                  *By his attorney,*

                  Dana Alan Curhan
                  B.B.O. # 544250
                  45 Bowdoin Street
                  Boston, Massachusetts 02114
                  (617) 267-3800
                  dana.curhan@gmail.com

**Certificate of Service**

      I hereby certify that I served this document upon counsel for the United States by filing the same through the ECF system, whereby they will be sent electronically to the registered participants as identified on the Notice of Electronic filing. There are no non-registered participants involved in this case.

Dana Alan Curhan
B.B.O. # 544250
45 Bowdoin Street
Boston, Massachusetts 02114
(617) 267-3800
dana.curhan@gmail.com