UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No. 13-10262-DPW |
| | ) | |
| MICHAEL P. O'DONNELL, | ) | |
| Defendant | ) | |

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S MOTION FOR RELEASE ON BOND**

The government opposes defendant Michael O'Donnell's motion for release on bond for the following reasons.

O'Donnell claims as his primary ground for release on bond that he "has a scheduled release date of April 23," and that because of anticipated transportation issues, his release will be delayed "for possibly a month beyond his scheduled release date." In fact, O'Donnell is not scheduled to be released from BOP custody until August 22, 2019, more than four months from now. Exhibit 1 (BOP website inmate page). On April 23, O'Donnell is scheduled to be transferred to a residential reentry center, however he will remain in BOP custody until his sentence is complete on August 22. Exhibit 2 (3/19/2019 email from BOP Deputy Regional Counsel). Thus, O'Donnell's premise is false, and his travel in connection with the upcoming evidentiary hearing will not cause him to remain in custody past his release date. For that reason alone, his Motion should be denied.

O'Donnell also asserts that he should be released because he has a reasonable likelihood of success on his 2255 petition, is not a risk of flight, and does not pose a danger to the community. The government disagrees that O'Donnell is likely to succeed on his petition, for all the reasons set forth in its opposition. D. 186. In any event, a "reasonable likelihood of success" is not the standard that applies to a request for bail pending resolution of a 2255 petition.

While "there is abundant authority that federal district judges in habeas corpus and section 2255 proceedings have inherent power to admit applicants to bail pending the decision of their cases," that is "a power to be exercised very sparingly." *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985) (Posner, J.) (collecting cases). "The reasons for parsimonious exercise of the power should be obvious. A defendant whose conviction has been affirmed on appeal . . . is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal." *Id.*; *see Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir. 1972) (denying bail, and noting that after conviction and appeal, the government's "substantial interest in executing its judgment . . . dictates a formidable barrier for those who seek interim release while they pursue their collateral remedies"). The Court of Appeals stated the standard as follows:

> Both in the district court, and on appeal, in the absence of exceptional circumstances – whatever that may include – the court will not grant bail prior to the ultimate final decision unless petitioner presents not merely a clear case on the law, . . . but a clear, and readily evident, case on the facts. Merely to find that there is a substantial question is far from enough.

*Id.*

For all the above reasons, O'Donnell's Motion should be denied.

*Respectfully submitted*,

ANDREW E. LELLING
United States Attorney

By: /s/ Mark J. Balthazard
MARK J. BALTHAZARD
Assistant U.S. Attorney
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
Mark.balthazard@usdoj.gov

Date:   March 22, 2019            (617) 748-3208

**CERTIFICATE OF SERVICE**

    I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).   There are no non-registered participants.


                                             /s/ Mark J. Balthazard
                                             MARK J. BALTHAZARD
                                             Assistant U.S. Attorney

March 22, 2019